IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO: 1:17-cv-00226-MR

| | |
|---|---|
| CYNTHIA GAYLE GREGORY, individually, and BRAD H. FERGUSON, as Administrator CTA of the ESTATE OF RAYMOND J. SAVIGNAC, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO CLEARING SERVICES, LLC, <br><br> Defendant, <br><br> vs. <br><br> CYNTHIA GAYLE GREGORY, individually, and BRAD H. FERGUSON, as Administrator CTA of the ESTATE OF RAYMOND J. SAVIGNAC, CHARLOTTE JEANNINE SAVIGNAC, EDWARD BRIGGS SAVIGNAC, and CHARLOTTE M. SAVIGNAC, <br><br> Claimants in Interpleader. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Wells Fargo Clearing Services, LLC's ("WFCS") Motion for Relief from Pretrial and Trial Obligations and Deadlines. [Doc. 55].

On October 2, 2017, WFCS filed a Counterclaim and Crossclaim for Interpleader relating to assets held in a WFCS brokerage account. [Doc. 7]. The Court determined that WFCS had grounds for interpleader in that the Claimants in Interpleader's competing claims as to the assets in the brokerage account placed WFCS at risk of exposure to double or multiple liability. [Doc. 13 at 1-2]. Because it was not feasible to pay these particular assets into the Court registry, the Court entered an Order requiring WFCS to retain and hold all disputed assets and to comply with future orders from the Court regarding the treatment and disposition of the disputed assets. [Id. at 2-3].

There are no pending claims against WFCS, and the deadlines for the close of discovery and dispositive motions have passed. Thus, WFCS's role in this dispute is merely to hold the disputed assets until a determination is made regarding the proper recipient(s) of such assets and then to pay or transfer the assets to such recipient(s), at which point WFCS would be entitled to a full dismissal and discharge.

In light of the above and upon careful review and consideration of the Motion, the Court concludes that WFCS's attendance at trial is neither necessary for the resolution of the issues in dispute nor in the interest of judicial economy or fairness.

**IT IS, THEREFORE, ORDERED** that WFCS's Motion [Doc. 55] is **GRANTED**, and WFCS and its counsel Womble Bond Dickinson (US) LLP are hereby excused and relieved from all trial and pretrial obligations and deadlines in this matter, including participation at trial or pretrial conferences and compliance with the deadlines and obligations set forth in Sections V and VI of the Court's Pretrial Order and Case Management Plan [Doc. 39 at 12-21] and the Supplemental Pretrial Order and Case Management Plan [Doc. 53]. WFCS remains subject to the Court's October 5, 2017 Order regarding the treatment and disposition of the disputed assets at issue. [Doc. 13].

**IT IS SO ORDERED.**

Signed: December 11, 2018

Martin Reidinger
United States District Judge