# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO: 1:17-cv-00226-MR

| | |
|---|---|
| CYNTHIA GAYLE GREGORY, et al., <br>     Plaintiffs, <br><br> vs. <br><br> WELLS FARGO CLEARING SERVICES, LLC, <br><br>     Defendant, <br><br> vs. <br><br> CYNTHIA GAYLE GREGORY, et al., <br><br>     Claimants in Interpleader. | **O R D E R** |

**THIS MATTER** is before the Court on the letters from Claimants Charlotte Jeannine Savignac and Edward Briggs Savignac, which the Court construes as motions asking the Court to excuse them and their mother, Charlotte M. Savignac, from appearing at the hearing on their attorney's Amended Motion to Withdraw. [Docs. 72, 73]. Both Charlotte Jeannine Savignac and Edward Briggs Savignac request to appear telephonically instead.

The Court required the Savignac Claimants to appear personally for this motion hearing for a number of reasons. First, the Court does not conduct civil hearings telephonically. Second, this matter is currently scheduled for trial during the September 9, 2019, which is a little over a month away. Their counsel only just recently filed a motion to withdraw. If Charlotte Jeannine Savignac and Edward Briggs Savignac intend to represent themselves going forth, they need to be aware of the numerous responsibilities they will be expected to meet as *pro se* litigants. Third, while a motion to withdraw as counsel is generally a straightforward issue, it is complicated here by the fact that both Attorney McDevitt's motion and Charlotte Jeannine Savignac's filings indicate that Charlotte M. Savignac suffers from dementia and thus is incapable of representing her own interests in this matter. As *pro se* litigants, Charlotte Jeannine Savignac and Edward Briggs Savignac could not represent their mother's interests in this case.

Under the circumstances, Charlotte Jeannine Savignac and Edward Briggs Savignac have three options going forward. The first option they have is that they may keep Mr. McDevitt as their attorney. If they choose to continue to retain Mr. McDevitt, there will be no need for a hearing on the motion to withdraw. Further, they would not be required to attend the final pretrial conference of this matter. Their second option is to hire a new

attorney to represent them. If they retain new counsel, then that attorney can appear at the final pretrial conference on their behalf. The third option they have is to proceed *pro se*. If they choose to represent themselves, they will be required to attend, in person, both the hearing on the motion to withdraw and the final pretrial conference.

As for Charlotte M. Savignac, it appears that it will be necessary for a guardian *ad litem* to be appointed to represent her interests in this matter. If any party to this action opposes the appointment of a guardian *ad litem*, they will be required to show cause why a guardian should not be appointed.

**IT IS, THEREFORE, ORDERED** as follows:

(1) The motions of Claimants Charlotte Jeannine Savignac and Edward Briggs Savignac [Docs. 72, 73] are **DENIED**;

(2) The hearing on the Amended Motion to Withdraw as Counsel of Record [Doc. 71] is **CONTINUED** to **August 28, 2019 at 2:00 p.m.**;

(3) The final pretrial conference of this matter, which was scheduled to take place on August 28, 2019 at 2:00 p.m. is hereby **CONTINUED** and will be rescheduled at a later time;

(4) The trial of this matter, which is scheduled to take place during the September 9, 2019 trial term is hereby **CONTINUED** and will be rescheduled at a later time; and

(5) Should any party oppose the appointment of a guardian *ad litem* for Charlotte M. Savignac, such party shall **SHOW CAUSE** in writing within fourteen (14) days from the entry of this Order why such a guardian should not be appointed.

**IT IS SO ORDERED**.

Signed: August 5, 2019

Martin Reidinger
United States District Judge