IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO: 1:17-cv-00226-MR

| | |
|---|---|
| CYNTHIA GAYLE GREGORY, individually, and BRAD H. FERGUSON, as Administrator CTA of the ESTATE OF RAYMOND J. SAVIGNAC,  )<br>)<br>)<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>WELLS FARGO CLEARING SERVICES, LLC,  )<br>)<br>)<br>Defendant,  )<br>)<br>vs.  )<br>)<br>CYNTHIA GAYLE GREGORY, individually, and BRAD H. FERGUSON, as Administrator CTA of the ESTATE OF RAYMOND J. SAVIGNAC, CHARLOTTE JEANNINE SAVIGNAC, EDWARD BRIGGS SAVIGNAC, and CHARLOTTE M. SAVIGNAC,  )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Claimants in Interpleader.  )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the "Notice of Settlement Agreement" filed by the Plaintiff Cynthia Gayle Gregory [Doc. 79] and the attachments thereto [Docs. 80, 81].

From a review of the Notice of Settlement Agreement and individual settlement agreements attached thereto, it appears to the Court that all Claimants in Interpleader -- namely, Ms. Gregory; Brad H. Ferguson, as Administrator CTA of the Estate of Raymond J. Savignac; Charlotte Jeannine Savignac; Edward Briggs Savignac; and Charlotte M. Savignac, through Jeannine Savignac as attorney-in-fact -- have agreed to settle their dispute, have consented to the dismissal of all pending claims and crossclaims in this action, and have entered into mutual releases and covenants not to sue.

As noted in prior Orders and party submissions, as well as the individual settlement agreements, this interpleader action relates to assets held in a Wells Fargo Clearing Services, LLC ("WFCS") brokerage account (Account No. XXXX-1548) opened and maintained by Raymond J. Savignac prior to his death (the "Account"). The Court previously ordered WFCS to "hold the disputed assets until a determination is made regarding the proper recipient(s) of such assets and then to pay or transfer the assets to such recipient(s), at which point WFCS would be entitled to a full dismissal and

discharge." [Doc. 57]. The Court further ordered that "WFCS shall comply with further Orders from the Court regarding transfer, investment, purchase, sale, or payment of Account assets, including the transfer or payment of assets to one or more Claimants in Interpleader." [Doc. 13 at 3]. The individual settlement agreements call for Ms. Gregory "to receive all assets held by WFCS in the Account," and the Savignac Claimants in Interpleader "expressly [consent] to the release of all stock, cash, or other assets in such Account" to Ms. Gregory. [See Docs. 79-1 at 2, 79-2 at 2, 79-3 at 2].

In light of the above and upon careful review and consideration of the Notice of Settlement Agreement and Exhibits to same, the Court concludes that the parties have settled their dispute, the referenced transfer of assets is warranted, and this matter should be closed.

**IT IS, THEREFORE, ORDERED** that:

(1) All stock, cash, and other assets held by WFCS in the Account are to be transferred to Ms. Gregory, with Ms. Gregory identifying for WFCS a separate account to receive these assets and providing WFCS with specific instructions on how she would like the assets transferred;

(2) The parties shall provide any information, signatures, or documentation reasonably required by WFCS to facilitate this transfer of assets;

(3) After transfer of such assets, WFCS shall close the Account;

(4) Consistent with the Court's prior Order [Doc.13 at 3], unless WFCS refuses to transfer the Account's assets to Ms. Gregory as provided above, WFCS shall not be liable for any market losses, decrease in value, or other costs or damages arising from the Account's investments or from WFCS' compliance with any Order or instructions from the Court;

(5) The crossclaims filed by Charlotte Jeannine Savignac, Edward Briggs Savignac, and Charlotte M. Savignac in this matter are **DISMISSED**; and

(6) The Clerk of Court is directed to **CLOSE** this matter.

A Judgment consistent with this Order shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**  Signed: September 3, 2019

Martin Reidinger
United States District Judge